*United States v. Neilsen*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 25th day of September, two thousand eighteen.

Present:   ROBERT A. KATZMANN,
                         *Chief Judge*,
                   DENNY CHIN,
                   RAYMOND J. LOHIER, JR.,
                         *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                         *Appellee*,

                   v.                                                    No. 16-389-cr

JAMES E. NEILSEN,

                         *Defendant-Appellant.*

_____

For Defendant-Appellant:          Randall D. Unger, Bayside, NY.

For Appellee:                            David T. Huang, Sandra S. Glover, Assistant United States
                                                Attorneys, *for* John H. Durham, United States Attorney for the
                                                District of Connecticut, New Haven, CT.

Appeal from the United States District Court for the District of Connecticut (Chatigny, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant James Neilsen appeals from a final judgment entered by the district court (Chatigny, *J.*) on February 9, 2016, following his guilty plea to a single count of wire fraud, in violation of 18 U.S.C. § 1343, for which he was sentenced to a term of 97 months' imprisonment. On appeal, Neilsen contends that his sentence is procedurally unreasonable in light of the district court's calculation of the losses caused by his criminal activity. "We review the district court's factual findings on loss for clear error," *United States v. Carboni*, 204 F.3d 39, 46 (2d Cir. 2000), recognizing that "a district court's findings must be grounded in the evidence and not derive from mere speculation," *United States v. Coppola*, 671 F.3d 220, 249 (2d Cir. 2012). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Neilsen was offered a plea agreement on August 13, 2015, which he entered into on September 24, 2015. In pertinent part, the plea agreement provided that "the parties agree[d] that the loss as of the date th[e] plea agreement was offered to the defendant and that the government could prove by a preponderance of the evidence [was] $1,663,641.83." App. 18. Nevertheless, the district court determined that Neilsen caused losses "in excess of $6 million" for purposes of determining the applicable Guidelines sentencing range. App. 295–96.

A sentencing court "commits procedural error," *inter alia*, where it "makes a mistake in its Guidelines calculation" or "rests its sentence on a clearly erroneous finding of fact." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). Here, we find no clear error in the district court's assessment. First, the district court was required to make its own finding as to the losses incurred, regardless of the parties' stipulation. *See United States v. Granik*, 386 F.3d 404,

411 (2d Cir. 2004) ("[T]he stipulation does not bind the sentencing court, and that court must find the loss amount as a fact at sentencing."). Second, the plea agreement provided that Neilsen agreed to pay more than $6.2 million in restitution, which "reflect[ed] the victim information known to the government as of September 16, 2015 and [was] provable by a preponderance of the evidence at sentencing." App. 16. That amount of restitution also reflects the actual losses caused by Neilsen.[1] *See United States v. Gushlak*, 728 F.3d 184, 195-96 (2d Cir. 2013). Third, the plea agreement included an exhibit setting forth the initials and address of each of Neilsen's victims, as well as how much each victim lost, providing a clear basis for the district court's calculation. Lastly, Neilsen did not object to the district court's adoption of the facts set forth in his Presentence Report, which expressly stated that he had operated a Ponzi scheme that caused losses of over $6 million. Accordingly, there is ample support for the district court's loss calculation.

We have considered all of the defendant's arguments on appeal and find in them no basis for vacatur. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1] The discrepancy between the stipulated losses and the restitution is explained by their respective "as of" dates: the stipulated losses were calculated as of mid-August 2015, when the plea agreement was offered to Neilsen, while the restitution amount reflected evidence that the government had uncovered in the intervening weeks, prior to Neilsen's signing of the plea agreement in September 2015.

3